UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VIRGINIA MAZZONI,

       Plaintiff,

    v.                              Civil Case No.: 2:26-cv-845

WELLS FARGO ADVISORS
FINANCIAL NETWORK, LLC.,

       Defendant.

---

COMPLAINT

---

NOW COMES Plaintiff, Virginia Mazzoni, through her undersigned attorneys, as and for a Complaint against the Defendant, Wells Fargo Advisors Financial Network, LLC., alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff, Virginia Mazzoni ("Mazzoni"), alleges that Defendant, Wells Fargo Advisors Financial Network, LLC, violated the Age Discrimination in Employment Act of 1967 by treating her less favorable than comparably situated younger employees, and retaliating against her for invoking her legal rights, which led to the termination of Ms. Mazzoni's employment.

## JURISDICTION AND VENUE

2.      Jurisdiction over Mazzoni's claims under the Age Discrimination in Employment Act of 1967 [29 U.S.C. § 621 *et seq.*] is conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that Defendant operates within the Eastern District and the unlawful actions occurred in the Eastern District.

## PARTIES

4. Plaintiff Mazzoni is an adult citizen of the United States, residing at 8601 West Highland Road, Mequon, WI 53097.

5. Defendant, Wells Fargo Advisors Financial Network, LLC ("Wells Fargo"), is a foreign business corporation with retail financial offices through the United States including Wisconsin at 20800 Swenson Dr., Ste. 200, Waukesha, WI 53186.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Mazzoni filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Less than 90 days prior to the filing of this suit, the EEOC issued notice to Mazzoni that she had the right to bring this suit.

8. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

9. Mazzoni demands that her cause of action be tried to a jury of her peers.

## OPERATIVE FACTS

10. Mazzoni began her employment with Wells Fargo in August of 1999, as a financial advisor.

11. Mazzoni's date of birth is September 7, 1967.

12. Mazzoni was 57 years old at the time of her termination.

2

13. At the time of her termination, Mazzoni's supervisor was Kevin Lewis ("Lewis").

14. Lewis became Mazzoni's supervisor in 2023.

15. Mazzoni performed her job satisfactorily for two decades, receiving positive performance evaluations until 2023.

16. Mazzoni had a 24-year record of excellent performance without a single reprimand from Wells Fargo.

17. After Lewis became Mazzoni's supervisor, Mazzoni began receiving unjustified negative performance reviews.

18. Lewis instructed Mazzoni's client assistant to copy Lewis on client emails.

19. Lewis did not instruct client assistants of younger financial advisors to copy him on client emails.

20. Shortly after February of 2024, Lewis took away Mazzoni's client assistant.

21. After Lewis took away Mazzoni's client assistant, he assigned Mazzoni to a call center.

22. Lewis denied Mazzoni's requests to work on top producing teams.

23. In September 2024, Mazzoni was transferred from the Mequon branch of Wells Fargo to the Waukesha branch.

24. Lewis assigned Mazzoni to an office in the Waukesha branch that had holes in the walls, filthy carpets, and dead flies.

25. Lewis assigned Mazzoni's younger coworkers to offices that were clean and without holes in the walls.

26. When Mazzoni's clients contacted the Waukesha office, they were told by support staff that Mazzoni did not work there.

27. In the fourth quarter of 2023, Mazzoni complained in writing to Wells Fargo's Human Resources department that Abe Goldberg ("Goldberg") and Joe Yamat ("Yamat") discriminated against her because of her age, in the buyout of Karen Bliske's ("Bliske") book of business.

28. In the fourth quarter of 2023, Goldberg informed Mazzoni he would facilitate Mazzoni's buyout of Bliske's book of business but did not do so because of Mazzoni's age.

29. On or about February 9, 2023, Wells Fargo did not transfer departing financial advisor's accounts to Mazzoni, in violation of policy and because of Mazzoni's age.

30. In early 2024, Mazzoni became aware that Lewis violated Wells Fargo policy regarding delivery of a check to a client.

31. In early 2024, Lewis threatened to retaliate against Mazzoni if she revealed his violation of Wells Fargo policy.

32. Wells Fargo HR was aware that Lewis violated Wells Fargo policy and did not discipline Lewis for the violation.

33. On August 19, 2024, Mazzoni received an email from Jesse Bamberger ("Bamberger"), Client Services Assistant, regarding her handling of a check from a client.

34. Mazzoni responded to Bamberger's email at 11:00 a.m. on August 20, 2024, with the account number for deposit of the client's check to a Wells Fargo investment account.

35. Bamberger returned the client's check to the client, claiming that Mazzoni did not send Bamberger instructions on how to handle the check until 12:49 p.m. on August 20, 2024.

36. Wells Fargo policy required that the client's check be returned to the client by 12:00 p.m. on August 20, 2024, unless the client instructed otherwise.

37. Wells Fargo falsely claimed that Mazzoni had violated company policy.

4

38. Wells Fargo terminated Mazzoni on January 28, 2025.

39. Wells Fargo routinely used progressive discipline to correct behaviors of financial advisors.

40. Wells Fargo did not follow their progressive discipline in response to Mazzoni's purported policy violation.

**CLAIM FOR RELIEF**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**AGE DISCRIMINATION**

41. As and for her Claim for Relief, Mazzoni re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

42. The Age Discrimination in Employment Act, § 623(a)(1), makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's age.

43. At all relevant times, Mazzoni was a member of the protected class under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*), which prohibits discrimination against individuals who are 40 years of age or older.

44. Wells Fargo willfully took adverse actions against Mazzoni because of her age, which included treating her less favorable than comparably situated and significantly younger employees, failing to follow employment policies, and terminating her employment, causing her to suffer compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain suffering, humiliation, embarrassment, and mental anguish.

Wherefore, Plaintiff, Virginia Mazzoni, demands that judgment be entered and Defendant ordered to provide the following remedies;

A. Compensatory damages for losses of wages, benefits, expenses pursuant to 29 U.S.C. § 626(b);

B. Reinstatement and/or damages for monetary losses and expenses including front pay pursuant to 29 U.S.C. § 626(b);

C. Costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting these claims, together with interest on said fees, authorized by 28 U.S.C. § 1920;

D. Liquidated damages for willful violations of the ADEA pursuant to 29 U.S.C. § 626(b); and

E. Such other relief as the Court deems just and equitable.

Dated this 13th of May, 2026.

*Electronically signed by Tristan N. Bullington*
Tristan N. Bullington, SBN: 1138110
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: TBullington@Employee-Advocates.com
Email: AOlson@Employee-Advocates.com

6